FILED
2018 MAR -6 AM 8:42
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE WILLIAMS,<br><br>                               Movant,<br>vs.<br>UNITED STATES OF AMERICA,<br>                             Respondent. | Case Nos. 15cv2126 BEN<br>            11cr3529 BEN<br><br>**ORDER DENYING § 2255 MOTION** |

## INTRODUCTION

Movant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence. The Government filed a response. Movant filed a reply. The Court finds no evidentiary hearing is necessary and denies the motion.

## DISCUSSION

Movant was tried by a jury and found guilty of violating 18 U.S.C. § 2252(a)(2) (receipt of images of minors engaged in sexually explicit conduct) and § 2252(a)(4)(B) (possession of matters containing images of sexually explicit conduct) and sentenced to 240 months in prison. The judgment was affirmed on appeal. Movant now contends that: (1) his appellate attorney provided ineffective assistance; (2) judicial deception required a *Franks* hearing; and (3) a search warrant was procured in violation of due process.

**Ineffective Assistance of Appellate Counsel.** Movant was appointed Mr. Kurt Hermansen, Esq., to represent him on appeal. Mr. Hermansen is a very skilled attorney. He is no stranger to the task of evaluating appellate arguments. In fact, Mr. Hermansen served as a habeas corpus staff attorney for the district court in the 1990's. Mr. Hermansen consulted with Movant about issues for appeal. Though ultimately unavailing, Mr. Hermansen filed a 98-page opening appeal brief, and a 67-page reply appeal brief, raising five issues for reversal.

Appellate briefing included a 13-page argument that Movant wanted Mr. Hermansen to argue: *i.e.*, that the search warrant should have been suppressed. That issue was decided against Movant by the Ninth Circuit Court of Appeals. It is the same issue he raises once again in the present § 2255 motion. Movant has demonstrated neither ineffective assistance of his appellate counsel, nor prejudice. On the contrary, Movant received excellent assistance of appellate counsel. Therefore, the § 2255 motion fails to satisfy the two-pronged ineffective assistance of counsel test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). *See also Mitchell v. U.S.*, 790 F.3d 881, 885 (9th Cir. 2015) ("defense team conducted a professional-caliber investigation and then, facing unenviable choices, made a reasonable strategic decision . . . . Strategic decisions such as this do not support a claim of ineffective assistance of counsel").

**Judicial Deception Required *Franks* Hearing.** Movant also argues that his appellate counsel was ineffective because he should have raised for appeal the district court's denial of a *Franks* hearing for the state search warrant based on his answers to the police employment questionnaire. This claim would have failed. "The law does not require counsel to raise every available nonfrivolous defense. Counsel also is not required to have a tactical reason – above and beyond a reasonable appraisal of a claim's dismal prospects for success – for recommending that a weak claim be dropped altogether." *Knowles v. Mirzayance*, 556 U.S. 111, 127 (2009) (citations omitted). In the same vein, it is clear that the failure to take

futile action can never be deficient performance. *Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012).

The affidavit supporting the search warrant was accurate. Clearly, it was not ineffective assistance to not raise it on appeal. Regardless, Fourth Amendment exclusionary rule claims are generally not even cognizable on habeas review. *See Davis v. U.S.*, 564 U.S. 229 (2011) (citations omitted) ("Exclusion is not a personal constitutional right, nor is it designed to redress the injury occasioned by an unconstitutional search. The rule's sole purpose, we have repeatedly held, is to deter future Fourth Amendment violations."). In *Stone v. Powell*, 428 U.S. 465, 494 (1976), the Supreme Court recognized that habeas proceedings are so far removed from the offending conduct that any deterrent effect is outweighed by the societal cost of ignoring reliable, trustworthy evidence and the judicial burden of litigating collateral issues. Where defendant has had an opportunity for full and fair litigation of a Fourth Amendment claim, habeas corpus relief is not available on the ground that the evidence obtained in an unconstitutional search or seizure was introduced at his trial. *Id.*

## CONCLUSION

The motion is denied. The Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

DATED: 2/28/2018

Hon. Roger T. Benitez
United States District Court