UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE WILLIAMS,<br><br>　　　　　　　　　　　Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Respondent. | Case No.: 3:15-cv-2126-BEN<br>　　　　　　　3:11-cr-3529-BEN<br><br>**ORDER DENYING MOTION TO RECONSIDER ORDER DENYING § 2255 MOTION** |

**INTRODUCTION**

Movant seeks reconsideration of the Order denying his motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. The motion is denied.

**DISCUSSION**

Movant was tried by a jury and found guilty of violating 18 U.S.C. § 2252(a)(2) (receipt of images of minors engaged in sexually explicit conduct) and 2252(a)(4)(B) (possession of matters containing images of sexually explicit conduct) and sentenced to 240 months in prison. The judgment was affirmed on appeal.

Movant then moved for § 2255 relief contending that: (1) his appellate attorney provided ineffective assistance; (2) judicial deception required a *Franks* hearing; and (3) a search warrant was procured in violation of due process. This Court considered each of

1

the three claims and after reviewing the record concluded that no evidentiary hearing was necessary and denied relief.  This Court decided that: (1) appellate counsel provided excellent assistance; (2) the search warrant was based upon a truthful and accurate affidavit that did not merit a *Franks* hearing; and (3) Fourth Amendment violations are not generally cognizable in a collateral attack, citing *Davis v. U.S.*, 564 U.S. 229 (2011) and *Stone v. Powell*, 428 U.S. 465, 494 (1976).  Ten days later Movant filed an appeal.  Twenty-four days later, while the appeal was pending, Movant filed the motion for reconsideration.

Because Movant filed his motion for reconsideration within twenty-eight days of entry of judgment in favor of the United States, the Court construes it as a motion to alter or amend the judgment under Rule 59(e).  *See Rishor v. Ferguson*, 822 F.3d 482, 489–90 (9th Cir. 2016); *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).

Altering or amending a judgment under Rule 59(e) "is an 'extraordinary remedy' usually available only when: (1) the court committed manifest errors of law or fact; (2) the court is presented with newly discovered or previously unavailable evidence; (3) the decision was manifestly unjust; or (4) there is an intervening change in the controlling law." *Rishor*, 822 F.3d at 491–92 (quoting *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011)); *accord McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (*en banc*).  However, when a Rule 59(e) motion is filed in habeas proceedings, the remedy is both extraordinary and extraordinarily narrow.  This is because of the bar on second and successive petitions.  Second or successive petitions must be dismissed unless the petitioner first obtains permission from a court of appeals.  28 U.S.C. § 2255(h).  Consequently, if the reconsideration motion raises newly-discovered evidence or relies on an intervening change in controlling law, it is an end run around § 2255(h) and the motion must be dismissed.  "A district court presented with a motion for reconsideration in a habeas case must first determine whether the motion should be construed as a second

or successive habeas petition: that is whether it seeks to raise an argument or ground for relief that was not raised in the initial habeas petition. If so, the district court should dismiss the motion without prejudice to allow the applicant to move in the Court of Appeals for an order authorizing the district court to consider the second habeas application. *Rishor*, 822 F.3d at 492; *see also e.g., Tran v. United States*, 2017 WL 4240887, at *3-4 (D. Hawaii Sept. 25, 2017).

While the basis for the reconsideration motion in this case is not entirely clear, Movant is not asserting the presence of a newly-discovered alibi witness or other newly-discovered evidence or a change in the controlling law. Such claims would require dismissal unless Movant first obtains permission from the Court of Appeals. Instead, it seems that Movant is asserting this Court "misunderstood material facts" and "overlooked actual claims" of ineffective assistance of counsel. If this assessment is correct, the limited merits of Movant's Rule 59(e) assertions need not be dismissed. *Id*. On the merits, the motion fails. Movant argues that the Court overlooked his claim that his appellate counsel should have argued "judicial deception for search warrant requires suppression" and that the court misunderstood the factual milieu out of which the search warrant was sought and obtained. But this Court did not overlook his claim or misunderstand his asserted facts.

Though his appellate counsel could have raised a suppression issue, this Court found that his counsel did not render ineffective assistance, but excellent assistance. Part of that assistance was using professional judgment to select only the strongest claims to raise on appeal and raise them well. That was done. Faced with the jury's verdict of guilt, his attorney lavished 98 pages on the strongest issues in his opening brief and 67 additional pages in his reply brief. He did as well as could be done.

As to the other assertion in his reconsideration motion about the factual milieu surrounding the search warrant, none of those facts matter at this stage. Since *Stone v. Powell*, 428 U.S. 465, 494 (1976), it has been clear that habeas relief may *not* normally

3

be granted on the basis of admission of trial evidence from an unconstitutional search or seizure. Re-hashing the search warrant facts cannot cure this impotent claim.

## CONCLUSION

The motion is denied. The Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Dated: May 31, 2019

Hon. Roger T. Benitez
United States District Judge