UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>ROBERT LEE WILLIAMS,<br><br>               Defendant. | Case No.:  11cr3529 BEN<br><br>**ORDER DENYING SECOND OR SUCCESSIVE MOTIONS TO VACATE, SET ASIDE, OR CORRECT A SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>[Dkt. Nos. 193, 202, 203 & 204] |

      On September 23, 2015, Defendant filed a first motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255.  The motion was denied on March 6, 2018.  On March 30, 2018, while his appeal was pending, Defendant filed a motion for reconsideration (Dkt. 182).  After the court of appeals remanded the case for an order on the motion to reconsider, this Court denied the motion to reconsider on May 31, 2019.  Defendant appealed the denial.  On May 4, 2021, the appeal was dismissed for failure to prosecute.

      With the appeal dismissed, the Court acted on three documents that had been received in past months.  The documents were ordered filed on the docket on May 18, 2021.  First, Defendant filed a Rule 60(b) motion for relief from the final judgment in his

1

§ 2255 proceeding (nunc pro tunc to July 9, 2020) (Dkt. 202).  Second, Defendant filed a request for judgment under Rule 12(c) as to his Rule 60(b) motion (nunc pro tunc to December 24, 2020) (Dkt. 203).  Third, like the older motion, Defendant filed another Rule 60(b) motion for relief from the § 2255 final judgment (nunc pro tunc to March 10, 2021) (Dkt. 204).  The two Rule 60(b) motions and the Rule 12(c) motion appear to be, in substance, second or successive § 2255 motions.

Title 28 U.S.C. § 2255(h) requires a second or successive motion "be certified as provided in section 2244 by a panel of the appropriate court of appeals," which in this case is the Ninth Circuit Court of Appeals.  The § 2255(h) gatekeeping provision is a statutory enactment of what was the pre-AEDPA abuse-of-the-writ doctrine.  AEDPA, as in earlier times, generally limits a defendant to one motion under § 2255, and he or she "may not bring a 'second or successive motion' unless [it] meets the exacting standards of 28 U.S.C. § 2255(h)."  *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011).  "Before the district court can entertain a second or successive § 2255 motion, the appropriate court of appeals must certify the motion."  *Tate v. United States*, 982 F.3d 1226, 1227 (9th Cir. 2020).  If the petitioner fails to first obtain the certification from the circuit court before filing a second or successive motion in the district court, "the district court *lacks jurisdiction* to consider the second or successive application."  *United States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir. 2009) (emphasis added).

"Because of the difficulty of meeting this standard, petitioners often attempt to characterize their motions in a way that will avoid the strictures of § 2255(h)." *Washington*, 653 F.3d at 1059.  "For example . . . petitioners may also characterize their pleading as being a motion under Rule 60(b) of the Federal Rules of Civil Procedure.'" *Id*. (citation omitted).  As it does not appear that Defendant has sought or received authorization from the Ninth Circuit Court of Appeals under § 2244 for this Court to consider the new (albeit disguised) motions or new arguments for § 2255 relief, this Court lacks jurisdiction.  *Id*. at 1065 ("Accordingly, the district court was without jurisdiction to entertain Washington's successive (albeit disguised) § 2255 motion.").

11cr3529 BEN

Therefore, Defendant's motions to pursue a second or successive motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (*i.e.,* Dkt. Nos. 193, 202, 203 & 204) are denied for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: September 27, 2021

_____
**HON. ROGER T. BENITEZ**
United States District Judge