UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>v.<br><br>ROBERT LEE WILLIAMS,<br><br>                         Defendant. | Case No.:  3:11-cr-03529-BEN<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

     On September 23, 2015, Defendant filed a first motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255.  The motion raised claims of ineffective assistance of appellate counsel and two other claims.  The motion was denied on the merits on March 6, 2018.  On March 30, 2018, while his appeal was pending, Defendant filed a motion for reconsideration (Dkt. 182).  This Court denied on the merits the motion for reconsideration on May 31, 2019.  Defendant appealed the denial.  On May 4, 2021, the appeal was dismissed for failure to prosecute.

     With the appeal dismissed, the Court acted on three documents that had been received in past months.  The documents were ordered filed on the docket on May 18, 2021.  First, Defendant filed a Rule 60(b) motion for relief from the final judgment in his § 2255 proceeding (nunc pro tunc to July 9, 2020) (Dkt. 202).  Second, Defendant filed a request for judgment under Rule 12(c) as to his Rule 60(b) motion (nunc pro tunc to December 24, 2020) (Dkt. 203).  Third, like the older motion, Defendant filed another Rule 60(b) motion for relief from the § 2255 final judgment (nunc pro tunc to March 10, 2021) (Dkt. 204).  The two Rule 60(b) motions and the Rule 12(c) motion were adjudged

to be in substance, second or successive § 2255 motions.  Because under 28 U.S.C. § 2255(h), "[b]efore the district court can entertain a second or successive § 2255 motion, the appropriate court of appeals must certify the motion," *Tate v. United States*, 982 F.3d 1226, 1227 (9th Cir. 2020), and where, as here, the petitioner fails to first obtain the certification from the circuit court before filing a second or successive motion in the district court, "the district court *lacks jurisdiction* to consider the second or successive application," *United States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir. 2009) (emphasis added), the motions were denied for lack of jurisdiction.  Petitioner has appealed this order and the Appellate Commissioner has requested this Court issue or decline to issue a certificate of appealability.  *See* Order filed Dec. 1, 2021.

Petitioner's recent motions assert*, inter alia*, that he was denied the right to raise a claim of ineffective assistance of trial counsel in his first § 2255 motion and that his trial counsel should have persuaded the court that he (Williams) was mentally incompetent. "[A] motion that does not attack 'the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably' raises a claim that takes it outside the bounds of Rule 60(b) and within the scope of AEDPA's limitations on second and successive habeas corpus petitions." *Jones v. Ryan*, 733 F.3d 825, 834 (9th Cir. 2013) (citation omitted).  Because the recent motions in effect ask for a second chance on the merits, they are properly dismissed as "disguised (and unauthorized) second or successive" § 2255 motions.  *Id*. at n.3.  Jurists of reason would not find this conclusion debatable, thus, a certificate of appealability will not issue.  *Id.*

**IT IS SO ORDERED.**

Dated: December 3, 2021

_____
**HON. ROGER T. BENITEZ**
United States District Judge